Honorable Warren New Yoakum County Attorney P. O. Box 359 Plains, Texas 79355
Re: Whether article 2529c, V.T.C.S., authorizes a city to contract with a depository bank when a majority of the city council members are stockholders in the bank
Dear Mr. New:
You ask whether the city council of a general law city is prohibited from entering into a depository contract with a bank when a majority of the city council members are stockholders in that depository bank. We conclude that, in the situation you describe, the city council of a general law city is prohibited from entering into such a contract.
You suggest that, by entering into the contract, the city council has violated articles 2529c and 988, V.T.C.S., as well as section39.01 of the Penal Code. Article 2529c, V.T.C.S., governs the selection and qualification of depositories of state agencies and political subdivisions; it will be discussed later. Section 39.01
of the Penal Code provides that a public servant commits an offense if he knowingly or intentionally engages in official misconduct. Because a determination of whether section 39.01 has been violated in this instance necessarily requires the resolution of disputed matters of fact, we will not address that issue in this opinion.
Article 2529c, V.T.C.S., governs the selection and qualification of depositories of state agencies and political subdivisions and provides at section 2 the following in pertinent part:
 A bank shall not be disqualified from bidding and becoming the depository for any agency or political subdivision of the state by reason of having one or more officers, directors or stockholders of said bank who individually or collectively own or have a beneficial interest in not more than 10 percent of the bank's outstanding capital stock, and at the same time serves as a member of the board, commission, or other body charged by law with the duty of selecting the depository of such state agency or political subdivision; provided, however, that said bank must be selected as the depository by a majority vote of the members of the board, commission, or other body of such agency or political subdivision and no member thereof who is an officer, director or stockholder of the bank shall vote or participate in the proceedings. (Emphasis added).
The statute requires that a depository bank be selected by the vote of a majority of board members. All stockholders in a bank are disqualified from voting in favor of it. On the facts you present, a majority of the council members were disqualified from voting to choose as depository the bank in which they owned stock. Thus, the action taken by the city council members is manifestly in violation of the statute.
We therefore conclude that the city council of a general law city is prohibited by article 2529c, V.T.C.S., from entering into a depository contract with a bank when a majority of the city council members are stockholders in that bank.
 SUMMARY
The city council of a general law city is prohibited by article 2529c, V.T.C.S., from entering into a depository contract with a bank when a majority of the city council members are stockholders in that bank.
Very truly yours,
Jim Ma Abrtorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General